IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-00227-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CRAIG MICHAEL PEARSON,
2. LUIS FABIAN ORTIZ,
3. JESUS ADRIAN PADILLA-ECHEVERRIA,
                 and
4. LUIS RENE ZAVALA-ACOSTA,

    Defendants.

## GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER REGARDING REPORTS CONTAINING SENSITIVE STATEMENTS

The United States of America, by United States Attorney Jason R. Dunn, through Assistant United States Attorney Andrea Surratt, moves for a Protective Order pursuant to Fed. R. Crim. P. 16(d)(1) covering certain documents produced in this case. As grounds for this motion, the government states:

Some of the documents and reports produced as discovery in this case contain statements made by various of the defendants and other witnesses. Some of these statements are relevant to the conspiracy charges in the case, and are appropriately produced as Rule 16 discovery.

Counsel for some of the defendants seek to leave a copy of discovery with their incarcerated clients. Because, as noted, some of the discovery contains statements made by defendants and other co-conspirators to law enforcement, the Government has concerns that, if these documents are in the prisons, the individuals who made the

statements may be at risk.   As to defendants who may be released on bond, the same concerns apply if the materials are released into the community or given to other co-conspirators.

Fed. R. Crim. P. 16(d)(1) gives the Court broad authorization to issue an appropriate Protective Order governing discovery: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Statements made by co-conspirators may be sensitive in a prison environment, and may lead other inmates to retaliate against the individual who made the statement. Accordingly, the Government requests that, should counsel produce discovery to their clients, that the materials that are designated under this protective order be excepted from that production.

Some of these documents have already been produced to counsel for the defendants.   Those documents, to which the Government seeks to have this motion and order apply from the date of the Order, are identified as:

| INV_00000017-26 | INV_00000690 | SW_000000033-39 |
| INV_00000614 | INV_00000691 | SW_00000046-57 |
| INV_00000621-622 | INV_00000701-702 | |
| INV_00000625-626 | INV_00000703-704 | |
| INV_00000627-628 | INV_00000705-710 | |
| INV_00000688 | INV_00000711 | |
| INV_00000689 | SW_00000014-25 | |

In other words, if counsel for the defendants have not yet produced the above-listed documents to their clients, the Government asks that these documents be withheld from such production, as detailed in this motion and order.

The undersigned Assistant United States Attorney has communicated her concerns with disclosing the above-described materials without a protective order and

2

his intent to submit this motion to the attorneys of record for all four defendants. The attorneys for the defendants expressed they do not oppose this motion or the terms of the proposed protective order.

## **REQUESTED TERMS**

1. To designate material covered by this Protective Order starting from the date of the Order, the parties shall so designate, on the material itself, in an accompanying cover letter, or on a disc covered with the following designation: "SENSITIVE INFORMATION – SUBJECT TO PROTECTIVE ORDER [Doc ___]."

2. Starting from the date of this Order, the following already-produced documents shall be considered sensitive information subject to the terms of this protective order:

| | | |
|---|---|---|
| INV_00000017-26 | INV_00000690 | SW_000000033-39 |
| INV_00000614 | INV_00000691 | SW_00000046-57 |
| INV_00000621-622 | INV_00000701-702 | |
| INV_00000625-626 | INV_00000703-704 | |
| INV_00000627-628 | INV_00000705-710 | |
| INV_00000688 | INV_00000711 | |
| INV_00000689 | SW_00000014-25 | |

3. Where a defendant has been detained pending trial pursuant to 18 U.S.C. §§ 3142 or 3145, the defendant shall review all discovery contemplated by this order with his attorneys or designated agents of the defense team. If counsel for the defendants have not yet produced the above-listed documents to their clients, the defendant will not be permitted to possess the discovery contemplated by this order when his attorneys or agents of his defense team are not present.

4. Where a defendant is on bond, the material may be reviewed under the supervision of the defense attorneys who have entered their appearance in this case,

their associates, and the confidential employees or assistants working with such defense attorneys. If counsel for the defendants have not yet produced the above-listed documents to their clients, tahe material will not be entrusted to the care and custody of the defendant without such supervision. Defendants on bond are not to e-mail, print, or duplicate the material.

     5.     With the exception of copies prepared by counsel of record or their staff for official use in relation to this case, unless the attorneys for the defense and the government come to a specific understanding to the contrary, the documents covered by this Order shall not be copied, reproduced, published, or publicly circulated by the defense without further order of Court or until such material is used in judicial proceedings at the time of trial or in official hearings or proceedings related to this case.

     6.     In the event the defense and the government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may exempt such material by mutual agreement. Conversely, if the parties cannot agree on redaction as an appropriate remedy for some of the material, they will seek a ruling by the Court. Similarly, in the event the defense and government disagree or are unclear about the meaning or application of this Order with respect to some document, digital file, or other material in this case, the parties may bring the issue to the attention of the Court.

     7.     At the conclusion of the case (to include any appeal or collateral attack pursuant to 28 U.S.C. § 2255), all documents covered by this Order may be returned to the government or disposed of or stored in a manner that prevents unauthorized disclosure, unless directed otherwise by an Order of the Court.

## **CONCLUSION**

The government believes a Protective Order with the foregoing terms will adequately protect the safety interests each individual may have in the reports designated.

Respectfully submitted this ___ day of July, 2019.

          JASON R. DUNN
          United States Attorney

          *s/ Andrea Surratt*
          BY: Andrea Surratt
          Assistant United States Attorney
          U.S. Attorney's Office
          1801 California Street, Suite 1600
          Denver, CO 80202
          303-454-0100
          andrea.surratt@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July, 2019, I electronically filed the foregoing **GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER REGARDING REPORTS CONTAINING SENSITIVE STATEMENTS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

*s/Portia Peter*
Legal Assistant
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Email: Portia.peter@usdoj.gov