**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 19-cr-00227-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CRAIG MICHAEL PEARSON,
2. LUIS FABIAN ORTIZ,
3. JESUS ADRIAN PADILLA-ECHEVERRIA, and
4. LUIS RENE ZAVALA-ACOSTA,

    Defendants.

---

## PROTECTIVE ORDER REGARDING REPORTS CONTAINING SENSITIVE STATEMENTS

---

THE COURT has received, read, and reviewed the Government's Unopposed Motion for Protective Order Regarding Reports Containing Sensitive Statements filed July 22, 2019, concerning the use, custody, and circulation of certain reports in this case.

Fed. R. Crim. P. 16(d)(1) gives the Court broad authorization to issue an appropriate Protective Order governing discovery: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Documents containing statements of defendants and other co-conspirators made to law enforcement could place certain individuals at risk in the prison or in the community.

The Court finds and concludes that the interest in protecting the defendants' safety and the safety of other witnesses involved in this case have some merit, that the burden on all parties in controlling the dissemination of such material disclosed to the defense directed below is not unreasonably burdensome, and that the procedures outlined herein will adequately safeguard the concerned parties' privacy and safety interests.

Being now sufficiently advised in the premises, the Court finds and concludes that it is in the best interests of justice to grant the government's motion.

THEREFORE, IT IS ORDERED as follows:

The Government's Unopposed Motion for Protective Order Regarding Reports Containing Sensitive Statements is granted.

1. Starting from the date of this Order, to designate material covered by this Protective Order, the parties shall so designate, on the material itself, in an accompanying cover letter, or on a disc covered with the following designation: "SENSITIVE INFORMATION – SUBJECT TO PROTECTIVE ORDER [Doc ___]."

2. Starting from the date of this Order, the following already-produced documents shall be considered sensitive information subject to the terms of this protective order:

| | | |
|---|---|---|
| INV_00000017-26 | INV_00000690 | SW_000000033-39 |
| INV_00000614 | INV_00000691 | SW_00000046-57 |
| INV_00000621-622 | INV_00000701-702 | |
| INV_00000625-626 | INV_00000703-704 | |
| INV_00000627-628 | INV_00000705-710 | |
| INV_00000688 | INV_00000711 | |
| INV_00000689 | SW_00000014-25 | |

3. Where a defendant has been detained pending trial pursuant to 18 U.S.C. §§ 3142 or 3145, the defendant shall review all discovery contemplated by this order with his attorneys or designated agents of the defense team. If counsel for the defendants have not yet produced the above-listed documents to their clients, the defendant will not be permitted to possess the discovery contemplated by this order when his attorneys or agents of his defense team are not present.

4. Where a defendant is on bond, the material may be reviewed under the supervision of the defense attorneys who have entered their appearance in this case, their associates, and the confidential employees or assistants working with such defense attorneys. If counsel for the defendants have not yet produced the above-listed documents to their clients, the material will not be entrusted to the care and custody of the defendant without such supervision. Defendants on bond are not to e-mail, print, or duplicate the material.

5. With the exception of copies prepared by counsel of record or their staff for official use in relation to this case, unless the attorneys for the defense and the government come to a specific understanding to the contrary, the documents covered by this Order shall not be copied, reproduced, published, or publicly circulated by the defense without further order of Court or until such material is used in judicial proceedings at the time of trial or in official hearings or proceedings related to this case.

5. In the event the defense and the government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may exempt such material by mutual agreement. Conversely, if the parties cannot agree on redaction as an appropriate remedy for some of the material, they will seek a

ruling by the Court. Similarly, in the event the defense and government disagree or are unclear about the meaning or application of this Order with respect to some document, digital file, or other material in this case, the parties may bring the issue to the attention of the Court.

6.  At the conclusion of the case (to include any appeal or collateral attack pursuant to 28 U.S.C. § 2255), all documents covered by this Order may be returned to the government or disposed of or stored in a manner that prevents unauthorized disclosure, unless directed otherwise by an Order of the Court.

DATED this ____ day of July, 2019.

BY THE COURT:

_____
Hon. Christine M. Arguello
United States District Judge