IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-227-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CRAIG MICHAEL PERSON,

    Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT PEARSON'S PSR OBJECTIONS

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby submits the following response to defendant Craig Michael Pearson's objections to the Presentence Investigation Report ("PSR") (Dkt #107):

- <u>Paragraph 22 ("sole occupant")</u>: The Government agrees that Pearson and Luis Fabian Ortiz were in the Tahoe together for a time before Ortiz got out of the truck to purchase methamphetamine from Jesus Adrian Padilla-Echeverria and Luis Rene Zavala-Acosta.  Ortiz got out of the truck to go by himself to the apartment occupied by Padilla-Echeverria and Zavala-Acosta and then returned to the Tahoe to give Pearson the drugs to sell to an undercover officer.  Accordingly, although the Government disagrees that the PSR is confusing, it does not object to the defendant's correction.

- <u>Paragraph 22 (drug amounts)</u>: The defendant first notes that Pearson consented to the search of his vehicle.  This is true, though had he not consented, the Government would have searched it anyway, mostly likely without a warrant pursuant to

1

the automobile exception to the Fourth Amendment.

The defendant also objects to the way in which the drug quantities are described in this paragraph. The Government agrees that the final lab weight of the drugs located in the Tahoe were 28.7 grams of methamphetamine and 2.796 grams of heroin.

- <u>Paragraphs 22 and 40 (heroin)</u>: The Government has no information that, on the day in question, that Pearson was involved in anything other than a methamphetamine deal. The Government does not know if the heroin located in the Tahoe belonged to Pearson, Ortiz, or someone else (for instance, there was a female passenger in the Tahoe with Pearson at the beginning of the events in question), or if it was for personal use or to distribute. The Government does not seek to add the 2.796 grams of heroin to Pearson's Guidelines calculation—though, as the defendant notes, it does not impact the Guidelines range in this case.

- <u>Paragraph 77</u>: The Government has no objection to the changes concerning Pearson's wife.

Respectfully submitted this 31st day of December, 2019.

JASON R. DUNN
United States Attorney

By:   *s/ Andrea Surratt*
Andrea Surratt
Assistant United States Attorney
U.S. Attorney's Office
1801 California St., Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
e-mail:  Andrea.Surratt@usdoj.gov
Attorney for the Government

2