IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00227-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     **CRAIG MICHAEL PEARSON**,
2.     LUIS FABIAN ORTIZ,
3.     JESUS ADRIAN PADILLA-ECHEVERRIA, and
4.     LUIS RENE ZAVALA-ACOSTA,

       Defendant.

---

### REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT PEARSON'S MOTION FOR A BELOW-GUIDELINE SENTENCE

---

Defendant, Craig Michael Pearson ("Mr. Pearson"), by and through undersigned counsel, David E. Johnson, hereby files this Reply to "Government's Opposition to Defendant Craig Pearson's Motion for a Below-Guideline Sentence" (Doc. No. 117) ("Govt. Resp."):

1.     To begin, the government sets up a strawman by repeatedly insisting that "outrageous government conduct" that is "shocking, outrageous and intolerable" is needed in order to provide sentencing relief on the ground of sentencing manipulation. Govt. Resp. at 3-4, 6.  That is incorrect.  Such a standard is applicable to a *departure* analysis; it is not applicable to any *variance* analysis.  Although the government cites *Beltran*, it omits its explanation that the departure standard is different and more "strict" than the variance standard.  *United States v. Beltran*, 571 F.3d 1013, 1018-20 (10th Cir. 2009).  In order to succeed under a departure analysis, the standard of "outrageous

governmental conduct" must be satisfied; however, the Circuit clarified that "a defendant's claim of sentencing factor manipulation may also be considered as a request for a variance." *Id.* at 1019. When a variance is sought, it would be error for the District Court to "appl[y] **the stricter standard** for a departure to Defendant's request." *Id.* (emphasis added).

2.      Next, the government argues that "the Tenth Circuit has never recognized" sentencing manipulation as a ground to go below the otherwise-applicable mandatory minimum.  Govt. Resp. at 4. That argument does not do the heavy-lifting the government hopes it would.  Specifically, the Tenth Circuit has never ruled on the issue. There is no Tenth Circuit precedent that would prevent this Court from agreeing with the First Circuit's holding that sentencing factor manipulation would give the court "power to impose a sentence below the statutory mandatory minimum." *United States v. Fontes*, 415 F.3d 174, 180 (1st Cir. 2005). *See also United States v. Rivera-Ruperto*, 852 F.3d 1, 14 (1st Cir. 2017).

3.      Here, the *Rivera-Ruperto*'s standard for equitable relief is satisfied.  As the government acknowledges, the First Circuit finds sentencing factor manipulation where there is "outrageous or intolerable *pressure* by the government *or illegitimate motive* on the part of the agents."  Govt. Resp. at 5 (quoting *Rivera-Ruperto*).  Here, there was both pressure and an improper motive.

4.      As it relates to pressure, it was the *agent* who suggested that Mr. Pearson could keep an extra ½ ounce, *if* he came up with the additional three ounces.  When Mr. Pearson expressed doubt, the DEA agent said that if the source could sell three

2

additional ounces, then he (the agent) would let Mr. Pearson keep an entire ounce,
instead of just ½ ounce, as originally discussed.  And as it relates to motive, the DEA
agent's request increased the statutory mandatory minimum and Mr. Pearson's
guideline range. It was not for any legitimate investigatory purpose.

5.      The government disagrees. It offers two explanations for why the
additional three ounces were sought.  Neither is persuasive.  First, the government says
that the additional ounces were sought because "the UC's customers were expecting a
whole pound."  Govt. Resp. at 7.  That cannot be a legitimate explanation, as the DEA
agent did *not* have any customers.  There were no customers expecting anything.  The
drugs were going to be sent to a lab – not to a customer.  Second, the government says
that the additional ounces were sought because the agent "was authorized to spend
$4,000."  Govt. Resp. at 7. That is not a legitimate explanation.  Being authorized to
spend a particular amount did not *require* the agent to spend the entire amount. Instead
of settling on the previously agreed upon price and quantity (which included the
agreement that Mr. Pearson would keep a ½ ounce), the agent sought to increase the
amount of drugs, which in turn, increased the sentencing ranges.

6.      The government also argues that the additional three ounces did not result
in an increase to the mandatory minimum penalty because Mr. Pearson's conduct, even
without the three ounces, involved over 50 grams of pure methamphetamine.  Govt.
Resp. at 8-11. This argument should be rejected for two reasons.  First, as the
government appears to acknowledge, at the time the agent sought the additional three
ounces, the agent did not know for certain the drugs' purity.  The agent may have been

3

"confident" or made "assumptions", Govt. Resp. at 9, 10, but seeking the additional

three ounces made it certain that the higher mandatory minimum would apply.  Second,

the government's response entirely ignores that the additional three ounces increased

the applicable guideline range. Subtracting the three ounces (i.e. 85 grams), Mr.

Pearson would have been accountable for a total of 488 grams of methamphetamine.

With that amount, using the "Ice" formulation (which this Court has rejected), the base

offense level would have been 32 (between 150 to under 500 grams); instead, it is now

calculated to be 34.  *See* Doc. No. 115 at ¶39. With that amount, using the "mixture"

formulation, the base offense level would have been 28 (between 350 to under 500

grams); instead, it is now calculated to be 30. *See id.* at 10 n.3 (providing alternative

calculation).

7.      Finally, the government stresses how Mr. Pearson assured the

undercover DEA agent that he would be able to sell him a pound of methamphetamine,

that he had the appropriate source, and that his source was "pretty smooth". Govt.

Resp. at 6.  They claim he had "apparent ease" of finding a second source. *Id.* at 7.

While Mr. Pearson may have engaged in such puffery, the facts of this case suggest

things were not as easy as the government presents.  Recall that for the March 25 sale,

the agent originally wanted to purchase two ounces. Mr. Pearson, however, could not fill

that order; he only had one ounce.  And even that sale took a few days for Mr. Pearson

to complete.  Once that sale was done, Mr. Pearson engaged in puffery to reassure this

customer about his reliability for future sales. Much like in the legitimate sales business,

the small-time salesman often assures his customer that he is just as good and reliable

as the big-time guys.  Moreover, it is an aggregation to say that Mr. Pearson had "not just one, but two, pound-quantity supplies of methamphetamine."  Mr. Pearson did not even know the supplier of the April 25 quantity.

8.      Ultimately, this case presents "the extreme and unusual" situation where pressure and illegitimate motive increased Mr. Pearson's sentencing factors. Sentencing manipulation occurred.  This Court should apply the guideline range that corresponds to base offense level 30, resulting in a range of 78 to 97 months.  A sentence of 97 months should be imposed.  Alternatively, at most, a sentence of 120 months is appropriate here.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ David E. Johnson
DAVID E. JOHNSON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
David_johnson@fd.org
*Attorney for Defendant Craig Michael Pearson*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2020, I filed the foregoing ***Reply to Government's Opposition to Defendant Pearson's Motion for a Below-Guideline Sentence*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses and counsel of record:

Andrea L. Surratt, Assistant United States Attorney
E-mail:  andrea.surratt@usdoj.gov

David A. Tonini, Assistant United States Attorney
E-mail:  david.tonini@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Craig Michael Pearson (via U.S. mail)
Reg. No. 09497-051

s/ David E, Johnson
DAVID E. JOHNSON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
David_johnson@fd.org
*Attorney for Defendant Craig Michael Pearson*